# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE BOLTON.<br><br>    Plaintiff,<br><br>v.<br><br>HOLLAND, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00298-SKO (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS SODERGREN, MOSER, AND STEADMAN**<br><br>**(Doc. 25)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## **INTRODUCTION**

**A.  Background**

Plaintiff, Wayne Bolton, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. As discussed below, Plaintiff has stated cognizable claims under the Eighth Amendment against Defendants Sodergren, Moser, and Steadman, but his claims against Defendants Holland and Owolabi are not cognizable. Thus, Plaintiff may either file a second amended complaint correcting the deficiencies, or advise the Court that he is willing to proceed only on the claims found cognizable herein.

**B.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual

allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

Plaintiff must state factual allegations for the element of each claim he desires to pursue in this action. If he chooses to file a second amended complaint, Plaintiff should endeavor to make it as concise as possible by merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis. Plaintiff need not and should not cite legal authority for his claims in a second amended complaint.

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006);

3

*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding *pro se* in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

## DISCUSSION

### A. Plaintiff's Allegations

Plaintiff is currently incarcerated at Valley State Prison ("VSP"), in Chowchilla, California, but his allegations are based on circumstances that allegedly occurred at the California Correctional Institution ("CCI"), in Tehachapi, California. Plaintiff names the following prison staff as Defendants: CCI Warden, Kim Holland; Warden Holland's "responding agent," Erik Sodergra; Supervising Plumbers, Brandon Moser and Beau Steadman; and Dr. O.S. Owolabi.

Plaintiff alleges that on December 26, 2014, he was working his assigned job as an inmate plumber and was instructed by Defendants Moser and Steadman to remove materials which contained asbestos without safety equipment such as gloves and a mask. Plaintiff developed symptoms related to asbestos exposure (coughing, throat and eye irritation, and frequent nose-bleeds), for which he was subsequently seen by Dr. Owolabi.

Plaintiff's allegations state cognizable claims under the Eighth Amendment against Defendants Sodergren, Moser, and Steadman on which he should be allowed to proceed. However, as discussed below, he fails to state a cognizable claim against either Warden Holland or Dr. Owolabi. Thus, Plaintiff may choose to proceed on the Eighth Amendment claims against Defendants Sodergren, Moser, and Steadman, or he may attempt to cure the defects in his pleading by filing a second amended complaint.

**B.     Legal Standards**

**1.     Plaintiff States Cognizable Claims Against Defendants Moser, Steadman, and Sodergren**

**a.     Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). No matter where prisoners are housed, prison officials have a duty to ensure that they are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

For screening purposes, inhalation of asbestos is sufficiently serious to meet the objective prong. Plaintiff alleges that Defendants Moser and Steadman denied his requests for safety equipment on the basis that as long as the material was wet, it posed no threat to Plaintiff or his co-workers. However, Plaintiff alleges that not all of the asbestos material was wet and there were dry particles falling down on Plaintiff as he cleaned the area. Plaintiff further alleges that

5

Defendant Sodergren was present and knew that inmates were being exposed to dry asbestos without protection, but failed to take preventative action. This states a cognizable claim against Defendants Moser, Steadman, and Sodergren under the Eighth Amendment for deliberate indifference to a condition that they knew posed a serious risk of harm to Plaintiff.

### 2. Plaintiff's Claim Against Dr. Owolabi Is Not Cognizable

#### a. Serious Medical Needs

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening purposes, Plaintiff's exposure to asbestos, which resulted in coughing, throat and eye irritation and frequent nose-bleeds, is accepted as a serious medical need.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than

negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegations that Dr. Owolabi refused to acknowledge that Plaintiff had been exposed to asbestos and prescribed allergy medication he knew would not work are not cognizable, because they are conclusory and lack the requisite factual detail to be facially plausible. *Iqbal*, 556 U.S. at 678. Plaintiff also fails to state any allegations to show that Dr. Owolabi's allergy diagnosis and treatment was anything other than professional error or a difference of opinion -- which is not cognizable. *See Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir.1980) (indifference, negligence, or medical malpractice insufficient); *Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (difference of opinion between a plaintiff and prison medical staff regarding his diagnosis, treatment and medical records is insufficient to state a cognizable Eighth Amendment violation).

/ / /

### 3. Plaintiff's Claim Against Warden Holland Is Not Cognizable

It appears that Plaintiff named Warden Holland as a Defendant based on the Warden's supervisory position. Generally, supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* -- when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under this theory, Plaintiff must allege some facts to support a claim that supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

To show this, "a plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991)(internal quotation marks omitted)(abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," *id*. (alteration in original; internal quotation marks omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir.2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted).

Plaintiff alleges that, "due to the old and dilapidated conditions of the institution," Warden Holland "plainly knew that asbestos posed a substantial risk of harm." Warden Holland allegedly had "asbestos removal protocols" in place, but allowed prison employees to expose their inmate workers to asbestos without requiring them to wear protective clothing.

Plaintiff also alleges that Warden Holland "had the state of mind required for the constitutional deprivation plaintiff alleges." However, the Court is not required to indulge unwarranted inferences where Plaintiff has not alleged supporting facts. *Doe I*, 572 F.3d at 681. It bears repeating that, the "sheer possibility that a defendant has acted unlawfully," which is all that Plaintiff's allegations amount to here, is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969. Plaintiff fails to show that Warden Holland had actual knowledge that his subordinates were not complying with protocols for removal of asbestos to have acquiesced in any resultant "unconstitutional conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (2011). Thus, Plaintiff thus fails to state a cognizable claim against Warden Holland.

### 4. Plaintiff Does Not Allege Compliance With the California Government Claims Act to Proceed on State Law Claims

Under the Government Claims Act ("GCA"),[1] set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776, 39 Cal.Rptr.2d 860 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of*

---

[1] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

*San Jose v. Superior Court*, 12 Cal.3d 447, 455, 115 Cal.Rptr. 797, 525 P.2d 701 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (fn.omitted).

Federal courts likewise must require compliance with the GCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

It is unclear from the First Amended Complaint whether Plaintiff desired to proceed against any of the named defendants on claims for violation of California law. However, to the extent he alleges that Cal-OSHA standards were not complied with, Plaintiff fails to state any allegations which show he complied with the GCA so as to be allowed to pursue such claims in this action.

### 5. Plaintiff Is Not Entitled to Injunctive or Declaratory Relief

Plaintiff seeks injunctive and declaratory relief. Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

/ / /

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493-94, 129 S.Ct. 1142, 1149 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493 (citation and quotation marks omitted); *Mayfield*, 599 F.3d at 969. Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969. Jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Id.*

The claims which Plaintiff alleges in this action arise from events which occurred at CCI, while Plaintiff is currently housed at VSP. Plaintiff lacks standing in this action to seek relief directed at his current conditions of confinement at VSP. His requests for injunctive relief to remedy his conditions of confinement at CCI were also rendered moot upon his transfer to VSP. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Thus, Plaintiff's request for injunctive relief must be denied for lack of jurisdiction.

Further, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village,* 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that

plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary and his request for declaratory relief should be dismissed.

**ORDER**

Plaintiff is given the choice to file a second amended complaint, or to proceed on the claims under the Eighth Amendment found cognizable against Eric Sodergren, Brandon Moser, and Beau Steadman, dismissing all other claims and Defendants. Plaintiff must either notify the Court of his decision to proceed on these cognizable claims, or file a second amended complaint within **twenty-one (21) days** of the service of this order. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **twenty-one (21) days** from the date of service of this order.

Plaintiff must demonstrate in any second amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). A second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A second amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further reminded that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

/ / /

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in a second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **twenty-one (21) days** from the date of service of this order, Plaintiff must:
    a. file a second amended complaint curing the deficiencies identified by the Court in this order, or
    b. notify the Court in writing that he does not wish to file a second amended complaint and wishes to proceed only on the claim under the Eighth Amendment against Erik Sodergren, Brandon Moser, and Beau Steadman as identified by the Court as viable/cognizable in this order, dismissing all other claims and defendants; or
    c. submit a notice of voluntary dismissal; and
4. **If Plaintiff fails to comply with this order, it will be recommended that this action proceed only on the claims found cognizable herein and that all other claims and defendants should be dismissed.**

IT IS SO ORDERED.

Dated: **December 4, 2017**           /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

13